IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

YOLANDA COLE, o/b/o, )
S.W., )
　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)　　Civil Action
　　　　vs. )　　No. 10-4229-CV-C-JCE-SSA
　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
　　　　　　　　　　　　　　　　)
　　　　Defendant. )

**O R D E R**

Plaintiff's mother is appealing the final decision of the Secretary denying her application for child's supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. Pursuant to 42 U.S.C. § 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be reversed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991); Briggs v. Callahan, 139 F.3d 606, 607-08 (8th Cir. 1998). "Substantial evidence exists when a reasonable mind would conclude that the evidence is adequate to support the decision, 'consider[ing] evidence that detracts from the Commissioner's decision, as well as evidence that supports it.'" Rucker for Rucker v. Apfel,

1

141 F.3d 1256, 1259 (8th Cir. 1998), quoting Briggs, 139 F.3d at 608. If it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

Under the standard for defining childhood disabilities under the Social Security Act, a child is considered disabled if the child has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations" and lasts for a period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i),(ii). The law discards the "comparable severity" to an adult disability test of the old standard in favor of a showing of "marked and severe functional limitations." Rucker, 141 F.3d at 1259. "[T]his new test imposes a more stringent standard for evaluating childhood disability claims than the earlier test." Id. (citation omitted).

The steps in evaluating a disability for children requires a finding that the child is not engaged in substantial gainful activity and that there is a severe impairment. 20 C.F.R. § 416.924. The ALJ must also find that the impairment meets, medically equals, or functionally equals in severity a listed impairment. 20 C.F.R. § 416.924(d). If a child has a severe impairment or combination of impairments that does not meet or medically equal any listing, as the ALJ determined in this case, the Commissioner will decide whether the plaintiff has limitations that "functionally equal the listings" of disabling conditions. *See* 20 C.F.R. § 416.926a(a) (2002). To equal the listings functionally, the impairment or impairments must be of listing-level severity, i.e., result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. Id.

There are six domains: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi) (2002). A child has a marked limitation in a domain if the impairment "interferes seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2) (2002). A marked limitation can also be found if the child has a valid score that is two standard deviations or more below the mean, but not less than three standard deviations, on a comprehensive standardized test designed to measure a particular domain. 20 C.F.R. § 416.926a(e)(2)(iii) (2002). An extreme limitation "interferes very seriously" with such an ability. 20 C.F.R. § 416.926a(e)(3) (2002). Additionally, a child can be characterized as having an extreme limitation if his test scores are at least three standard deviations below the mean. 20 C.F.R. § 416.926a(e)(3)(iii) (2002).

## Discussion

Plaintiff's mother has filed an application for child's SSI benefits on behalf of her daughter. The child was three-years old at the time of hearing before the ALJ. She claims disability due to sickle cell disease. She was diagnosed with the disease at birth.

The ALJ found that the medical evidence established that plaintiff suffers from sickle cell disease, which is a severe impairment. It was the finding of the ALJ that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, or an impairment that functionally equaled the listings. The ALJ found that plaintiff had marked limitations in health and physical well-being, but that because she did not have either "marked" limitations in two domains of functioning or "extreme" limitations in one domain of functioning,

3

she was not disabled under the Act.

Plaintiff contends that the ALJ erred in finding that her impairment of sickle cell disease did not cause an "extreme" limitation in the domain of health and physical well-being in denying benefits. It is her position that this is inconsistent with the medical evidence of record, and that the ALJ erred in discounting the opinion of her treating physician.

A review of the record indicates that plaintiff has suffered from sickle cell disease since birth. By the age of three, she had been hospitalized three times. She was born on February 12, 2007. In September, she was hospitalized from the 14th until the 17th for pain, fever and sickle cell disease. She had mild swelling in her feet at the time. She has seen Dr. Herrbold, her primary care physician, regularly. While he reported that she was stable with her sickle cell disease at times, and noted the excellent care provided by her mother, the medical records indicate that she had swelling in her feet and other limbs at different times. She has been treated, at various times, for upper respiratory infection symptoms, fever, congestion, allergies, and eczema. She has episodes of pain and swelling in her limbs, for which she has required hospitalization. She has been treated in the emergency room several times. The child has had two recent crisis episodes requiring hospitalization. In August of 2009, she was admitted for two days for pain in all her limbs and feet, and vaso-occlusive crisis of the right arm. She was also hospitalized in December of 2009 for sickle cell pain crisis in the left forearm. After IV antibiotics, hydration, and pain medication, she was released after two days in stable condition. In addition to being treated by Dr. Herrbold, plaintiff also started treatment in July of 2008 at the Hematology Oncology Child Health Clinic for homozygous sickle cell disease. Pain and swelling were noted in her hands and feet; she has low grade fevers; some abdominal pain; and

4

after having lower extremity pain a couple of times a week in 2009, Tylenol with Codeine was prescribed.

The record indicates that the treating physician, Dr. Herrbold, told plaintiff's mother that plaintiff's exposure to children her age, such as through day care, should be limited or avoided. He stated that, "[s]he is at great risk with her illness of developing severe infections." [Tr. 169]. The mother testified that, because of this, she just recently took a limited part-time job in home health care where her mother could care for the child. Dr. Herrbold, on a Medical Source Statement (Child) for Treating Physician to Complete, evaluated plaintiff as having an "extreme" limitation in the domain of health and physical well-being.

In discussing whether plaintiff met or equaled a listed impairment, the ALJ rejected the treating physician's opinion that plaintiff had an extreme limitation in health and physical well-being because the doctor's definition of "extreme is not necessarily the same as the Social Security's definition of extreme. Extreme limitation by Social Security standards means the child is ill or has frequent exacerbations that result in significant, documented symptoms or signs substantially in excess of the requirements for showing a marked limitation." [Tr. 34]. The ALJ found that plaintiff did not meet the Listing Requirement for sickle cell disease because three episodes of pain crisis requiring hospitalization, one at seven months, one at 2 years and 5 months, and one at 2 years and 10 months, did not constitute an extreme limitation.

In terms of functional equivalence, the ALJ found that plaintiff's limitation in terms of health and physical well-being was marked. He noted that the "Health and Physical Well-Being" domain "addresses how recurrent illness, the side effects of medication, and the need for ongoing treatment affect the child's health and sense of physical well-being. . . ." [Tr. 40]. The

5

ALJ recognized that plaintiff "has a lot of pain in her arms and legs that usually responds to home management of ibuprofen and Tylenol as instructed by the doctor." [Id.]. He acknowledged her three hospitalizations in less than three years for pain crises. He noted that she has swelling of her hands and feet; that she must avoid exposure to other children; and that she is at great risk with her illness of developing serious infections. He concluded, however, that she had a marked, rather than extreme, limitation in health and physical well-being.

According to the testimony of plaintiff's mother at the hearing, which was held in March of 2010, a month after plaintiff turned three years old, her daughter had severe pain due to the sickle cell disease. Her pain crises had been more frequent in the four or five months leading up to the hearing, and they were lasting longer. She had been prescribed Tylenol with Codeine. She stated that her daughter's legs, knees and muscles hurt; that she has high fevers; that sometimes she won't eat and has problems with urination; that she has problems with bowel movements due to the sickle cell disease and has constipation, which causes stomach aches; and that she has to try to keep her calm because a tantrum could cause a crisis. It was her testimony that her daughter can now tell her when she doesn't feel well; some days she may just lie around all day. Plaintiff's mother testified that she did not know sometimes whether her feeling bad was a sign of a crisis or just part of having the disease. She just started working part-time where her mother could take care of the child because her doctor had told her she shouldn't be in daycare. She is at high risk for other childhood illnesses. Getting sick could be life-threatening for her. She doesn't interact with other children. She stated that her child was doing fine intellectually. She stated that she tries to fight the pain, especially now that she is old enough to know she doesn't want to go to the hospital. She doesn't want to be touched when she is hurting, and is

sometimes inconsolable and will fight her mother because her limbs are too tender to touch. Therefore, she has a feisty attitude at times. She testified that her daughter sees a primary care physician, Dr. Herrbold, two hematologists, and a sickle cell nurse. Plaintiff's mother testified that she has a regimen of medication to administer if there is a pain crisis, which involves Tylenol with Codeine, followed four hours later with Ibuprofen, and a 24-hour cycle of rotating the medicine. She knows it is time to go to the hospital when her daughter gets a fever and tells her that the heating pad isn't working. In terms of her most recent hospitalization, the child's blood pressure got very high in the ambulance, and she turned blue, at which time they had to give her oxygen. She also said the disease is starting to affect her eyes, and she has broken blood capillaries in her face and all over her body. She has been complaining about her eyes, and has an appointment with a specialist for an eye examination. Because of taking an antibiotic, which she will have to take the rest of her life to prevent infections, her teeth are being damaged. She is complaining about toothaches. When she has swelling, it causes her to walk on "her tippy toes, because it's hard for her to – it hurts for her to walk flat with her feet. And she walks with a limp." [Tr. 14].

Having fully reviewed the record, the Court finds that the ALJ's determination that plaintiff's impairment in the domain of health and physical well-being is less than extreme is not supported by substantial evidence. In this case, the ALJ failed to acknowledge observations of plaintiff's mother, and the opinion of her treating physician, without substantial reasons for having done so. A careful review of the record convinces the Court that this is not a case where the doctor's treatment notes are inconsistent with the opinion he rendered regarding plaintiff being extremely limited in the domain of health and physical well-being. Rather, the medical

7

Case 2:10-cv-04229-JCE   Document 16   Filed 03/19/12   Page 7 of 9

records provide sound documentation that plaintiff's sickle cell disease causes an extreme limitation in the domain of health and physical well-being.  Despite notations that she did well, that she appeared stable at certain times, and that her mother provided excellent care for her, there is more than ample evidence in the doctor's records to support a finding of an extreme limitation. These include the fact that a three-year old child has a serious disease,  has experienced three hospitalizations for pain crises, has to take prescribed medication with codeine to control pain, cannot be around other children her age because of her great risk of developing severe infections, has to take antibiotics that cause side effects, has swelling that causes pain and affects her ability to walk normally, and has other health issues because of the disease.  It was error, therefore, for the ALJ not to have relied on the opinion of the treating physician in this case, and to have found that plaintiff was not disabled.

      Upon review of the entire record, the Court finds that there is not substantial evidence to support the ALJ's decision  regarding plaintiff having less than an extreme limitation in the area of health and physical well-being.  Accordingly, the decision of the Secretary should be reversed.

      It is hereby

      ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted.  It is further

      ORDERED that, pursuant to 42 U.S.C. Section 405(g), this matter be remanded to the

Commissioner for the calculation and award of benefits.

                                                  /s/ James C. England
                                                  JAMES C. ENGLAND
                                                  United States Magistrate Judge

Date: 3/19/12